No. 69
### IMPORTERS & EXPORTERS INSURANCE CO. v. ROSS et al
Ohio Appeals, 9th Dist., Summit County
No. 610.   Decided Feb. 3, 1923

85. APPEALS—The determination of preliminary matters, such as reformation of contract, where that question is incidental to the main issue is not a final order.

1012. REFORMATION OF WRITTEN INSTRUMENTS—While evidence to reform insurance policy to cover chattel mortgaged property must be clear and convincing—estoppel is more effective when agent has knowledge of facts.

647. INSURANCE—Notice of loss to "authorized agent" issuing policy and his acceptance thereof deemed waiver of proof.

683. JURY—The question of misrepresentation was a question of fact for the jury.

PARDEE, J.
#### Epitomized Opinion
First Publication of this Opinion

Ross purchased a Revere automobile from the Akron Jordon Motor Sales Co., the possession of which was given to him about September 23, 1920.    The purchase price was $4,995, and in part payment Ross traded in a used car at a consideration of $2,500. At delivery Ross gave the Sales Co. two mortgages on said car, one for $2,584 and one for $500, both of which were duly recorded. On Oct. 27, 1920, Ross insured the car against fire and theft with Cummins & Son, agents for the defendant Insurance Co. The car was stolen Dec. 8, 1920. Ross immediately notified the police department and also gave the Company written notice of the theft. As the Company refused to pay for the loss of the car, he filed an action against it, setting up two counts, one for reformation of the insurance contract and the other for damages for breach of agreement. The court heard evidence on the first cause of action and reformed the policy so that it indicated that there was an outstanding chattel mortgage. This order was made Dec. 6, 1921. The case was then tried to the jury, which found for the plaintiff. The verdict was returned on Jan. 18, 1922, and a motion for a new trial filed on Jan. 21, 1922. The Insurance Co. then prosecuted error. Among the various contentions made before the reviewing court was a contention of plaintiff that the bill of exceptions had not been filed in time. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The determination of the question of reformation was only a preliminary hearing preceding the determination of the main issue in the case, like the determination of other incidental or preliminary questions which might arise in a civil action, and the decision of the court upon this question does not amount to a final judgment, nor does it form the basis for a proceeding in error. Consequently the period of time for filing a bill of exceptions begins to run from the date of final judgment and not from the time the court passed on the question of reformation of the contract.

2. While the evidence must be clear and convincing in order for the court to reform a written instrument, yet it cannot be said that the finding of the trial court was manifestly against the weight of evidence in this issue.

Estoppel may be as effective as reformation in like cases. Foster v. Insurance Co., 101 OS. 180.

3. It cannot be said that the finding of the jury that the defendant was given notice of the loss and that it waived proof or loss as required by the policy were manifestly against the weight of the evidence.

4. Whether the plaintiff concealed or misrepresented any material fact concerning the automobile or existing indebtedness thereon, and the question of whether the agent knew these facts at the time the policy was taken, were questions for the jury, and as the jury resolved these questions in favor of the plaintiff, it cannot be said that the jury was unwarranted in so finding upon the evidence before them, substantial compliance and performance of insurance contract whether conditions are precedent or subsequent, is all that is required of assured. 104 OS. 427.

Attorneys—Nelan & Walsh and R. H. Davis, for Insurance Co.; Musser, Kimber & Huffman and Commins, Brouse, Englebeck & McDowell, for Ross et al.